[Cite as *Ortega-Martinez v. State*, 2011-Ohio-3069.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95930**

## ANGEL L. ORTEGA-MARTINEZ, SR.

PLAINTIFF-APPELLEE

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-652952

**BEFORE:** Blackmon, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

Daniel T. Van
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**APPELLEE**

Angel L. Ortega-Martinez, Sr., Pro Se
2791 East 116th Street
Cleveland, Ohio 44120

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant state of Ohio appeals the trial court's decision reversing Angel Ortega-Martinez's reclassification under the Adam Walsh Act ("AWA"). The state assigns the following errors for our review:

> **"I. The trial court erred in applying *State v. Bodyke*, 16 Ohio St.3d 266, 2010-Ohio-2424, to a petitioner who was not classified under Megan's Law by an Ohio Court because under the circumstances there is no violation of the separation of powers doctrine."**

> **"II. The trial court erred in applying *State v. Bodyke*, 16 Ohio St.3d 266, 2010-Ohio-2424, to a petitioner who did not demonstrate by clear and convincing evidence that they were previously classified by an Ohio Court."**

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶ 3} In July 2001, Ortega-Martinez was convicted of statutory rape in Davidson County, Tennessee, in Case No. A571, and sentenced to prison. Upon his release from prison, Ortega-Martinez moved to Cuyahoga County, and on August 14, 2003, he registered with the sheriff's office. At the time, Ortega-Martinez registered as a sexually-oriented offender, which required registration for ten years with annual verification.

{¶ 4} In early 2008, the Ohio Attorney General's office sent Ortega-Martinez a letter informing him that, pursuant to the passage of S.B. 10, he had been reclassified as a Tier II sex offender, which required registration for a period of 25 years with verification every 180 days. On March 5, 2008, Ortega-Martinez filed a petition contesting the application of the AWA, alleging that it encroached on the power of the judiciary by reopening final judgments.

{¶ 5} On September 17, 2010, the state filed a brief in opposition to Ortega-Martinez's motion contesting the application of the AWA. On October 20, 2010, the trial court granted Ortega-Martinez the requested relief. The state now appeals.

## AWA Reclassification

{¶ 6} In the first assigned error, the state argues the trial court erred when it granted the requested relief. We disagree.

{¶ 7} The AWA classifies sex offenders using a three-tiered system, with designation into each tier based solely on the offense committed. *State v. Page*, Cuyahoga App. No. 94369, 2011-Ohio-83. In addition, the AWA includes provisions that retroactively reclassify offenders previously classified under prior versions of the law. See R.C. 2950.031 and 2950.032. As the Ohio Supreme Court recently explained, "[t]he entire reclassification process is administered by the attorney general, with no involvement by any court. There is no individualized assessment. No consideration is given to any of the other factors employed previously in classification hearings held pursuant to Megan's Law." *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶22.

{¶ 8} In *Bodyke*, the Ohio Supreme Court held that reclassification of sex offenders under the AWA's R.C. 2950.031 and R.C. 2950.032, "who have already been classified by court order under former law," violates the separation-of-powers doctrine and is unconstitutional. Id. at ¶60-61. The *Bodyke* Court severed these provisions from the Ohio Revised Code, holding that "R.C. 2950.031 and R.C. 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's law, and the classifications

and community-notification and registration orders imposed previously by judges are reinstated." Id. at ¶66

{¶ 9} The state argues that Ortega-Martinez was not classified by a court when he moved into Ohio and without a court-ordered classification, there cannot be a violation of the separation of powers doctrine. However, we have recently applied *Bodyke* to reverse convictions based on violations of sex offender registration and notification requirements under the AWA, when the defendant was initially classified as a sexual offender under Megan's Law for a conviction in another state. See *Majewski v. State*, Cuyahoga App. Nos. 92372 and 92400, 2010-Ohio-3178. The Ohio Supreme Court explicitly directed that the registration obligations of the prior law are to be reinstated in such cases. *Bodyke*, at ¶66.

{¶ 10} Nonetheless, the state argues the separation of powers doctrine is not implicated in the instant case because Ortega-Martinez's duty to register in Tennessee arose by operation of law and not by virtue of a court-ordered classification. We are not persuaded.

{¶ 11} We conclude that it was Ortega-Martinez's conviction, which constituted the final judgment that triggered his duty to register under Megan's Law. As such, the AWA reclassification attempt would serve to reopen a final judgment and thus violate the separation of powers doctrine.

Only appellate courts have the power to affirm, reverse, or modify a final judgment. *Bodyke* at ¶58; Section 3(B)(2), Article IV, Ohio Constitution. As such, the trial court did not err when it granted Ortega-Martinez's request to reinstate his prior classification. Accordingly, we overrule the first assigned error.

{¶ 12} Because of our resolution of the state's first assigned error, the second assigned error is moot and we need not address the issues raised. See App.R. 12(A)(1)(c).

Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR